# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0621V

| | |
|---|---|
| KIMBERLY CRYSLER-EHLEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 12, 2024 |

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 6, 2022, Kimberly Crysler-Ehlen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to her on December 16, 2020. Petition at 1. On October 12, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,290.24 (representing $34,017.60 in fees plus $1,272.64 in costs). Application for Attorneys' Fees ("Motion") filed January 25, 2024, ECF No. 41. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. *Id.* at 49.

Respondent reacted to the motion on January 25, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 42. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's requests. The hourly rates requested for attorney Kathleen M. Loucks and paralegals for all time billed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore by awarded herein.

For attorney Heidi Torvik, Petitioner requests the hourly rates of $365.00 for time billed in 2023 and $370.00 for 2024, Motion at 6. Ms. Torvik has been a licensed attorney since 2014, placing her in the range of attorneys with 8 - 10 years' experience based on the OSM Attorneys' Fee Schedules. Motion at 11. I find the requested rates to be reasonable and hereby award them herein.

Furthermore, Petitioner requests $1,272.64 in overall costs. Motion at 28-48. Such costs reflect the expense of obtaining medical records, the Court's filing fee, and shipping charges. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $35,290.24 (representing $34,017.60 in fees plus $1,272.64 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Kathleen M. Loucks.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
